IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:17-cr-00080 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION AND ORDER |
| ROBERT E. EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Robert Evans's ("Evans") *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the November 2023 U.S. Sentencing Guidelines (U.S.S.G.) Amendment. ECF Docs. 63, 64.[1] The government opposes Evans's motion. ECF Docs. 66, 67. For the following reasons, the Court DENIES Evans's motion for compassionate release and DENIES his motion for sentence reduction under Amendment 821.

Background and Procedural History

In March 2017, a grand jury indicted Evans on two counts: possession with the intent to distribute methamphetamine, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(C) (Count 1); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(l) (Count 2). ECF Doc. 1. In July 2017, a grand jury returned a superseding indictment, charging Evans with three counts: distribution of fifty (50) grams or more of methamphetamine, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(A)(viii) (Count 1); possession with the intent to

---

[1] Evans's filings (ECF Docs. 63 and 64) are identical. Document 63 is entitled on the docket motion for compassionate release re First Step Act of 2018. Document 64 is entitled on the docket motion to reduce sentence – 821 Amendment.

1

distribute at least twenty-five (25) grams of methamphetamine, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(B)(viii) (Count 2); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(2) (Count 3). ECF Doc. 20.

In October 2017, Evans pleaded guilty (ECF Doc. 41) pursuant to a plea agreement (ECF Doc. 42) to Counts 1 and 3 of the superseding indictment. Paragraphs 3(a) and 3(b) of the plea agreement contained the following terms: (1) the government's statutory enhancement notice under 21 U.S.C. § 851(a)(1) and § 841(b) regarding Evans's prior felony drug conviction; (2) notice that Count 1 included a mandatory minimum penalty of 20 years' incarceration; (3) Evans's affirmation that he was previously convicted of the felony drug offense as alleged in the government's notice; and (4) Evans's waiver of "any challenge to the prior conviction and sentencing enhancement under the provisions of Title 21, §§ 841(b) and 851, United States Code." ECF Doc. 42, PageID# 273.

In February 2018, the Court sentenced Evans to a below guideline term of 240 months confinement, ten years supervised release, and a $200 special assessment. ECF Docs. 56, 57. The Court found that Evans qualified as a career offender, his guideline range was 262 to 327 months, and Count 1 carried a mandatory minimum term of 20 years' imprisonment. ECF Doc. 60, PageID# 381, 383. Evans's defense counsel agreed with the Court's findings. *Id.* Evans is 46 years-old and held at Federal Medical Center Lexington.[2] His release date is June 13, 2033. *Id.*

Turning to the present motion, Evans filed his motion for compassionate release on December 8, 2023. ECF Docs. 63, 64. Shortly thereafter, the Court appointed the Office of

---

[2] https://www.bop.gov/inmateloc/ (accessed on 3/13/2024).

2

the Federal Public Defender to represent Evans.  ECF Non-Doc. Order, 12/11/2023.  Approximately one month later, Evans's appointed counsel submitted a notice of no supplement to pro se amendment 821 motion to reduce sentence.  ECF Doc. 65.  On January 30, 2024, the government filed its response in opposition.  ECF Doc. 66.  On March 1, 2024, the Court ordered the government to supplement its response and address four specific questions related to Evans's motion.  ECF Non-Doc. Order, 03/01/2024.  The government filed its supplemental response on March 7, 2024.  ECF Doc. 67.  Evans did not file a reply to either of the government's filings.

Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a court may reduce an incarcerated person's sentence in extraordinary and compelling circumstances.  *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020).  An incarcerated person must satisfy the exhaustion requirements in § 3582(c)(1)(A) prior to filing.  *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  Before granting a sentence modification under § 3582(c)(1)(A)(i), this Court must find: (1) extraordinary and compelling reasons warrant a sentence modification; and (2) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors.  *United States v. Mukunda Dev Mukherjee*, No. 22-1627, 2023 U.S. App. LEXIS 10058, at *3 (6th Cir. Apr. 25, 2023) (citing *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021)).  Additionally, the Court considers in its analysis the newly enacted policy statement in U.S.S.G. § 1B1.13.  *See United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021) (noting that a court may look to § 1B1.13 for guidance when determining whether a defendant has established extraordinary and compelling reasons for release).  Finally, Evans bears the burden of proof to show he is

3

eligible for a sentence reduction. *United States v. Young*, No. 04-cr-633, 2022 U.S. Dist. LEXIS 191942, at *2 (N.D. Ohio Oct. 20, 2022).

Analysis

As a threshold matter, Evans failed to satisfy the exhaustion requirement in § 3582(c)(1)(A). There is no evidence before the Court that Evans applied for early release through the Bureau of Prison or that he received the warden's denial letter before filing the instant motion. Accordingly, this is the first basis for denying Evans's motion.

Given that Evans's appointed counsel and the government addressed the merits of Evans's arguments, the Court will address them too. Even if Evans had successfully satisfied the exhaustion requirements under § 3582(c)(1)(A), his motion would fail on the merits. Evans asserts that extraordinary and compelling reasons to reduce his sentence. ECF Doc. 63. Specifically, he argues that he warrants a relief under U.S.S.G. § 1B1.13(b)(5) and § 1B1.13(b)(6) because: (1) if sentenced today, his 20 year mandatory minimum sentence would be reduced to 15 years because of the changes to Section 401 of the First Step Act of 2018; (2) if sentenced today, he would not qualify as a career offender under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); and (3) the § 3553(a) factors "now strongly counsel towards a reduction of sentence." *Id.* at PageID## 402-06. The government opposes Evans's motion and argues that his circumstances do not constitute extraordinary and compelling reasons for relief and the § 3553(a) factors weigh against Evans's requested relief. ECF Docs. 66, 67.

For the following reasons, Evans's motion for compassionate release is denied. First, Evans is ineligible for relief under U.S.S.G. § 1B1.13(b)(6) because he has not served ten years of incarceration. As of the date of this order and opinion, Evans has served

approximately seven years in prison, well short of the required ten years.  Second, Evans did not receive an unusually long sentence under U.S.S.G. § 1B1.13(b)(6).  Evans's 240 month sentence was below the advisory guidelines range of 262-327 months.  ECF Doc. 60, PageID## 380-83.  At sentencing, Evans's defense counsel asked the Court to grant a downward departure and impose a sentence of 240 months:

> I look at the disparity in what these people in the state system got versus Mr. Evans and ask the Court to come down below what the guidelines show, 262 to 327 months, and give him a mandatory term of 240 months.  I think that's sufficient for the purposes of 18 U.S.C. 3553, and would ask the Court to do that.

*Id.* at PageID# 383.

Third, the non-retroactive changes in the law that Evans references would not "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" under U.S.S.G. § 1B1.13(b)(6) for two reasons: Evans would still qualify as a career offender if sentenced today, and he would receive a mandatory minimum sentence of 15 or 20 years.  Under the newly revised sentencing guidelines, a "controlled substance offense" includes "the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."  U.S.S.G. § 4B1.2(d).  Accordingly, Evans's two prior federal drug convictions (Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana in 2001; Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in 2011) would still qualify as "controlled substance offenses."  ECF Doc. 51, PageID## 317-18.

Next, the same two prior drug convictions would still trigger a mandatory minimum sentence of either 15 years or 25 years, under 21 U.S.C. § 802(57) and 21 U.S.C. § 841.

5

Evans is correct that under § 401 of the First Step Act[3], the filing of one § 851 notice for violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A) would trigger a mandatory minimum sentence of at least 15 years instead of 20 years. And two or more prior serious drug felony convictions would trigger a mandatory minimum sentence of at least 25 years.[4] The government notes in its supplemental response that it "could have filed 851 notices regarding both of Defendant's federal drug trafficking convictions in this case, but chose to file only file one, triggering a mandatory minimum sentence of at least 20 years imprisonment." ECF Doc. 67, PageID# 459. Therefore, if the Court sentenced Evans today for the same offenses, he would face a mandatory minimum sentence of 15 years or 20 years—depending on whether the government filed § 851 notices for one or both of Evans's prior drug convictions. In either scenario, sentencing Evans today would not produce a "gross disparity" between the sentence being served (20 years) and the sentence that would likely be imposed today (15 year or 20 year mandatory minimum).

Additionally, the § 3553(a) factors do not weigh in favor of Evans's requested relief. The Court notes that Evans's certificates of completion for the non-residential drug abuse treatment program, embracing interfaith cooperation program, and victim impact: list and learn program reflect his maturity and personal growth to overcome addition. ECF Doc. 63-1. Even so, the nature and circumstances of Evans's instant offenses, long-standing history of drug trafficking, the need to afford an adequate deterrent, and the need to protect the public from the Defendant's further crimes weigh against a reduction in sentence. Evans's

---

[3] Section 401(a)(2)(A)(i) of the First Step Act reads in relevant part: "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years.''

[4] Section 401(a)(2)(A)(ii) of the First Step Act imprisonment reads in relevant part: "after 2 or more prior convictions for a serious drug felony or serious violent felony have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years."

2001 and 2011 drug trafficking convictions involved significant amounts of marijuana (100-400 kilograms of marijuana in 2001; 20-40 kilograms of marijuana in 2011).  ECF Doc. 17, PageID## 317-18.  Additionally, Evans was on supervised release for his 2011 conviction, when he began trafficking methamphetamine in this case.  *Id.*  Considering these facts, the Court believes a sentence of 240 months remains necessary.  Accordingly, Evans's motion is denied.

      Finally, while Evans's motion for compassionate release does not explicitly seek relief under Amendment 821, to the extent that Evans intended to do so, the Court denies the motion.  Evans's Court-appointed counsel reviewed his motion, the sentencing transcript, and his presentence report.  ECF Doc. 65, PageID# 424.  Counsel "found no basis to supplement the *pro se* motion to the extent that Mr. Evans' motion requests a sentence reduction pursuant to Amendment 821."  *Id.*  Counsel reasoned that "Mr. Evans was found to be a career offender, which places him at criminal history category VI without regard to status point additions."  *Id.*  Additionally, counsel noted that Evans's statutory mandatory minimum sentence "precludes any impact of the guideline's status points amendment."  *Id.*  The Court concurs with his counsel's reasoning that Evans is not eligible for relief under Amendment 821 because he qualified as a career offender and received a mandatory minimum sentence of 20 years, which "precludes any impact of the guideline's status points amendment."  *Id.* at PageID# 424.  Accordingly, Evans's motion for a reduced sentence under Amendment 821 is denied.

## Conclusion

      The Court finds that Evans failed to exhaust his administrative remedies and identify extraordinary and compelling reasons to warrant compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), the First Step Act of 2018, and the recently amended U.S.S.G. Additionally, the §3553(a) factors weigh against Evans's requested relief.  Accordingly, the Court <u>DENIES</u> Evans's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and <u>DENIES</u> his motion for sentence reduction under Amendment 821.

Date: March 15, 2024

<u>/s/ Dan Aaron Polster</u><br>Dan Aaron Polster<br>United States District Judge

8